UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOYANN ROETT O'CONNOR, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:16-cv-02068-RDP |
| } | |
| JC PENNEY CORPORATION, INC. } | |
| } | |
| Defendant. } | |

**MEMORANDUM OPINION**

This case is before the court on Defendant's Motion to Dismiss. (Doc. # 11). The parties have fully briefed the motion and it is under submission. (Docs. # 16, 17). For the reasons explained below, the court concludes that the motion to dismiss is due to be denied.

**I.     Procedural History and Background**

In December 2016, Plaintiff, who is appearing *pro se*, filed her initial complaint against Defendant. (Doc. # 1). She complained that one of Defendant's employees at a store in Alabaster, Alabama refused to cut her hair on December 29, 2014 because the salon at that store did not "do African American hair." (*Id.* at 2). Following an initial review, the court found some deficiencies in Plaintiff's complaint and directed her to file an amended complaint. (Doc. # 4). Plaintiff filed an amended complaint in January 2017. (Doc. # 5). After reviewing the amended complaint, the court directed Plaintiff to file a second amended complaint to remedy additional deficiencies. (Doc. # 6).

Plaintiff submitted her second amended complaint in February 2017.[1] (Doc. # 7). This complaint alleges that Plaintiff made an appointment at a beauty salon in Defendant's Alabaster store. (*Id.* at ¶ 4). When she arrived at the salon on December 29, 2014, a salon employee told her that the salon did not cut "African-American hair" because it was too hard. (*Id.* at ¶¶ 4, 6). Plaintiff alleges that the remark "prevented her from getting services at the salon" and that she "left the salon before she was able to receive the services" she desired. (*Id.* at ¶¶ 7-8). Plaintiff asserts that Defendant violated 42 U.S.C. § 1981 by acting with discriminatory intent towards her.[2] (*Id.* at ¶ 11). She complains that she suffered emotional and mental anguish from Defendant's conduct. (*Id.* at ¶ 12).

## II.  Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. International Univ.*, 495 F.3d 1289, 1295 (11th

---

[1] Both Plaintiff and Defendant have referred to the factual allegations in the initial complaint in support of their arguments. However, an amended complaint supplants a plaintiff's earlier complaint and constitutes an abandonment of the earlier pleading. *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007). Therefore, the court will limit its review to the allegations in the second amended complaint.

[2] In reviewing Plaintiff's initial complaint, the court liberally construed the complaint to present a discrimination claim under Title II of the Civil Rights Act of 1964. (Doc. # 4 at 1). Nevertheless, it determined that any Title II claim in the initial complaint was not plausibly pled. (*Id.*). Plaintiff's operative complaint does not assert a Title II claim. (*See generally* Doc. # 7). And, she concedes that such a Title II claim would be meritless here. (Doc. # 16 at 2).

Cir. 2007). Moreover, the court must liberally construe Plaintiff's second amended complaint because she submitted the complaint *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

**III. Discussion**

Defendant contends that Plaintiff's Section 1981 claim is due to be dismissed because she has not plausibly pled that Defendant intended to discriminate against her. (Doc. # 11 at 7).

Moreover, Defendant insists that Plaintiff has not alleged a denial of an opportunity to enter a contract. (*Id.*). The court disagrees.

A plaintiff must establish three elements for a claim under Section 1981: (1) he or she is a member of a racial minority; (2) a defendant intended to discriminate against him or her on the basis of race; and (3) "the discrimination concerned one or more of the activities enumerated in the statute." *Lopez v. Target Corp.*, 676 F.3d 1230, 1233 (11th Cir. 2012) (quoting *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007)). The Eleventh Circuit has adopted the Fifth's Circuit standard for determining whether an incident in a retail establishment concerns contractual activity protected under Section 1981. *See id.* at 1233-34 (affirmatively citing and discussing *Arguello v. Conoco, Inc.*, 330 F.3d 355 (5th Cir. 2003)). Under that standard, a complaint "must allege that the plaintiff was actually prevented, and not merely deterred, from making a purchase." *Id.* at 1234 (quoting *Arguello*, 330 F.3d at 358-59).

The court's research has uncovered two published opinions from the Eleventh Circuit analyzing Section 1981 claims based on conduct in retail establishments, both of which were decided in the defendant's favor. In *Lopez*, a cashier claimed that her register was closed when the plaintiff, a Hispanic customer, attempted to complete a purchase. *Id.* at 1231. The cashier then proceeded to serve the next customer. *Id.* A supervisor sent the plaintiff back to the same register, and the cashier reiterated that the register was closed for plaintiff. *Id.* at 1231-32. The plaintiff moved to another register and completed his purchase. *Id.* at 1232. The Eleventh Circuit held that the plaintiff in *Lopez* failed to state a claim under Section 1981 because he was "able to complete his transaction at the same Target store, buying his desired goods at the same price and using the same payment method as any other customer." *Id.* at 1234.

4

In *Kinnon*, the plaintiff ordered pizza for a staff meeting, but told an employee to refuse the pizza when it was delivered two hours after her order. 490 F.3d at 888. An employee at the pizzeria left the plaintiff numerous messages to try and collect payment. *Id.* at 889. In one message, the employee used numerous racial epithets in reference to the plaintiff. *Id.* The Eleventh Circuit held that the plaintiff could not maintain a claim under Section 1981 premised on the phone messages because the conduct at issue was "post-contractual activity" that occurred after the plaintiff "successfully took steps to terminate the contract." *Id.* at 892-93.

Here, Plaintiff's Section 1981 action is distinguishable from both *Lopez* and *Kinnon*. Unlike the plaintiff in *Lopez*, Plaintiff was not able to enter into a contract at Defendant's hair salon and did not receive the services she sought from the salon. (Doc. # 7 at ¶¶ 6-8). *Cf. Lopez*, 676 F.3d at 1234. And, unlike the conduct at issue in *Kinnon*, Defendant's employee asserted that she could not cut "African-American hair" before any contract was entered into or terminated. (Doc. # 7 at ¶¶ 6-8). *Cf. Kinnon*, 490 F.3d at 892-93.

Indeed, this case is most similar to a Fourth Circuit case, *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427 (4th Cir. 2006), that presented a triable Section 1981 claim. The plaintiff in *Denny* went to a hair salon to redeem a gift package purchased by her daughter. *Id.* at 430. The plaintiff received some services from the salon, but when the daughter tried to purchase hair coloring services as a gift, a salon employee said that the salon did not "do black people's hair." *Id.* The salon's manager refused to cut the plaintiff's hair and indicated that all of the stylists at the salon refused to do so as well. *Id.* A stylist shampooed and dried the plaintiff's hair before she left due to her embarrassment. *Id.* The Fourth Circuit held that the plaintiff had a triable Section 1981 claim because (1) a contractual relationship existed following the purchase of the gift package, (2) a factual issue existed as to whether the plaintiff received

5

hair styling or hair coloring "in any meaningful sense," and (3) a factual issue existed as to whether the salon refused to allow the daughter to purchase hair coloring services on race-based grounds. *Id.* at 434-36. With regard to the intentional discrimination element of a Section 1981 claim, the *Denny* opinion observed that "it is hard to imagine plainer evidence of purposeful discrimination than when services are denied expressly because the purchaser is African American." *Id.* at 435.

Plaintiff's second amended complaint alleges that she travelled to Defendant's salon after making an appointment to receive services. (Doc. # 7 at ¶ 4). One of Defendant's employees purportedly told her that the salon did not style "African-American hair," and this statement allegedly prevented Plaintiff from receiving services at the salon. (*Id.* at ¶¶ 6-7). Indeed, Plaintiff left the salon without receiving any services. (*Id.* at ¶ 8). As in *Denny*, Plaintiff has presented a plausible allegation of intentional discrimination because Defendant's employee allegedly referred to a racial characteristic as a ground for denying service.[3] (*Id.* at ¶ 6). *Cf. Denny*, 456 F.3d at 435. And, despite the lack of an express allegation that the employee's conduct prevented Plaintiff from entering into a contract with Defendant, the court liberally construes that element of Plaintiff's claim to be alleged based upon Plaintiff's non-conclusory allegations that she made a reservation at Defendant's salon, went to the salon, and left the salon without receiving services. *Cf. Erickson*, 551 U.S. at 94 (referring to the court's obligation to liberally construe *pro se* complaints). Although Plaintiff's complaint lacks many details that would be helpful to assessing her claim, her Section 1981 claim (again construed liberally)

---

[3] Defendant requests that the court infer an inartful mistake from the employee's statement that she could not cut "African-American hair" because it was "hard" to cut. (Doc. # 11 at 7). The court cannot infer that more benign intention at this stage of the proceedings because it must view the allegations in the light most favorable to the plaintiff. *Watts*, 495 F.3d at 1295.

crosses over the plausibility threshold. Therefore, Defendant's motion to dismiss is due to be denied.

**IV.     Conclusion**

For the foregoing reasons, Defendant's motion to dismiss (Doc. # 11) is due to be denied. An order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this May 8, 2017.

*/s/ R. David Proctor*
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE